

# The Attorney General of Texas

December 29, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Winnie F. Gibson
Somervell County Auditor
P. O. Box 612
Glen Rose, Texas    76043

Opinion No.  JM-103

Re:  Use of county funds for operation of senior service center

Dear Ms. Gibson:

You have requested our opinion on the following question:

> Whether or not Somervell County may legally pay county monies to the Somervell County Committee on Aging for their operation of the Senior Service Center.

You have not stated the purpose or nature of the Senior Service Center, but for purposes of this opinion we will assume that it offers social and recreational programs designed for the enjoyment of elderly people.

It is well established that counties in Texas may pursue activities and expend county funds only when authorized by the state constitution or statutes.  Article 1015c-1, section 3, V.T.C.S., provides that a county

> may establish, provide, acquire, maintain, construct, equip, operate, and supervise recreational facilities and programs, either singly or jointly in cooperation with one (1) or more other governmental units.

Article 6081t, section 2, V.T.C.S., permits any political subdivision to enter into a joint agreement with another political entity to

> establish, provide, maintain, construct, and operate jointly with another governmental unit located in the same or adjacent counties, playgrounds, recreation centers, athletic fields, swimming pools, and other park and recreational facilities located on property now owned or

> subsequently acquired by either of the governmental units.

See Attorney General Opinions MW-60 (1979) (county may contribute to zoo); H-1170 (1978) (county may contract with city for the operation of museum, park or recreational facility); H-413 (1974) (county may participate jointly with school district for the construction of a swimming pool). It was pursuant to article 1015c-1 that this office concluded in Attorney General Opinion H-127 (1973) that a county could contract with a non-profit corporation to use federal revenue sharing money for the operation of a recreational facility designed for the elderly. We said that

> the county may, itself, construct and maintain a recreational facility for the use of the public and primarily for the use of the aged, under reasonable regulations.

A county may contract with a private entity for the performance of these services, so long as contractual and other controls insure that an authorized public purpose of the county will be achieved. Attorney General Opinion C-334 (1964) (hospital district contracting with private hospitals for indigent care). As long as the facility about which you inquire is open to the public, i.e., so long as no member of the public is precluded from its use notwithstanding that it may be primarily designed to assist the elderly, we believe the county might contract with it.

If the senior service facility is designed to provide medical or health care, we believe that the county would have the authority to contract with it pursuant to article 4418f, which provides in part as follows:

> The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County.

Cf. art. 5547-201 (MHMR center).

Counties also have the responsibility to "provide for the support of paupers . . . who are unable to support themselves." V.T.C.S. art. 2351. See also art. 4438, V.T.C.S., (county responsibility for hospital care of indigent sick). In Attorney General Opinion C-246 (1964) this office concluded that a county could contract for the operation of a residential convalescent home for the indigent aged as permitted by article 2351.

However, a county does not have the authority to provide for the general assistance of elderly residents. Such assistance may be provided only if the county is pursuing its authority to provide recreational areas, health care, or support for the county's paupers. Any other assistance to elderly people by a county would likely be found unconstitutional under the multiple provisions which prohibit the giving away of public funds or property in absence of a proper public purpose. See Tex. Const. art. III, §52; art. VIII, §3; art. XI, §3. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Attorney General Opinion MW-22 (1979) (state may not pay utility bills for needy aged individuals).

In Attorney General Opinion H-1244 (1978) this office concluded that a county was not authorized to provide daycare services for children generally. Similarly, it was found in Attorney General Opinion H-1189 (1978) that there was "no statute authorizing the commissioners court to provide day care for all children in the county." We believe that these two opinions would apply to individuals on the other end of the age spectrum and would prohibit a county from providing a comparable facility for the elderly. A county may, however, provide recreational facilities for the elderly so long as it is not to the exclusion of other county residents. Although there are many provisions of state law which confer certain privileges and benefits upon the elderly, there is simply no statutory authority for a county to provide services generally to elderly individuals. A county's authority is limited to the provision of recreational facilities, health care, and support for the poor. It is only in pursuit of these statutory provisions that Somervell County would be empowered to contract for the operation of a "Senior Service Center." Of course, a county may not gratuitously grant public funds to a private entity for any purpose.

## S U M M A R Y

Somervell County may contract for the operation of a center for the aged for recreational, health, or indigent support purposes if contractual and other controls insure that a public purpose will be achieved.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood